FILED
SUPERIOR COURT
OF GUAM

2025 SEP 29 AM 10: 43

CLERK OF COURT

BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JEFFREY S. MOYLAN, AS ADMINISTRATOR OF THE ESTATE OF RICHARD E. MOYLAN, | CIVIL CASE NO. <u>CV0760-16</u> |
| Plaintiff/Counterclaim Defendant, | **DECISION AND ORDER RE MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE CLARIFICATION; MOTION FOR SUMMARY JUDGMENT; AND MOTION TO RECONSIDER** |
| vs. | |
| AXE MURDERER TOURS GUAM, ET AL., | |
| Defendant/Counterclaimants. | |
| AND RELATED COUNTERCLAIMS AND THIRD-PARTY CLAIMS. | |

Jeffrey S. Moylan, as Administrator of the Estate of Richard E. Moylan, asks the Court to reconsider two earlier rulings and to render summary judgment on the issue of Richard's rights to Lot No. 1051, Hagatna, Guam. The Court finds that reconsideration is warranted only relative to this Court's earlier determination that undisputed facts showed that he was not a third-party beneficiary of a Lease Agreement between his family members and third parties.

## I.      PROCEDURAL BACKGROUND

On May 6, 2022, the Court denied Richard's Motion for Partial Summary Judgment asserting that he had exclusive possessory rights to Lot No. 1051, Hagatna, which Richard's family leased to third parties. The Court ruled, "While section 2 [of the Lease] does require that the Lessees acquire Richard's consent before using the property, it does not state that the Lessors forfeit their rights of possession to Richard absent this consent. Instead, the section articulates a



reservation of rights . . . ." Dec. & Order Denying Pls.' Mot. Partial Summ. J. at 4 (May 6, 2022).

On May 13, 2022, the Court granted a summary judgment motion filed by Defendants E.C. Development ("ECD") and Paseo View Properties ("PVP"), Inc. on the issue of Richard's status as a third-party beneficiary. Utilizing the California Supreme Court's recent test in *Goonewardene v. ADP, LLC.*, 434 P.3d 124, 130 (Cal. 2019), the Court held that Richard could not claim to be a third-party beneficiary entitled to enforce the Lease. Dec. & Order Re Defs.' Mot. Summ. J. (Filed 1/21/22) (May 13, 2022).

> Since the Lease was not made expressly for Richard's benefit, nor were the contracting parties motivated to benefit Richard, Richard does not have the right to enforce the Lease as a third-party beneficiary. Absent such rights to enforce the Lease, Richard cannot pursue the contract claims of Accounting, Breach of Contract, or Breach of the Implied Covenant of Good Faith and Fair Dealing.

*Id.* at 4-5.

Richard moves to reconsider both decisions, and to certify the matter for appeal if reconsideration is not granted. Mot. Recons. or in the Alternative Clarification of May 6, 2022 Dec. (May 11, 2022); Mem. Supporting Ex Parte Mot. to Shorten Time for Mot. Recons., or in the Alternative to Set Aside Decs., Otherwise to Certify J. (May 16, 2022). He also seeks a summary judgment ruling that Richard's "'permission' is required by [PVP] and [ECD], who are the lessees by assignment under the . . . Lease, in order to 'use' or 'occupy' Lot 1051 . . . in accordance with ¶ 2 of said 1989 Lease." Mot. Summ. J. at 1-2 (May 11, 2022).

As a last procedural point, the Court explains why it took three years to address these motions. Within these motions, Richard also moves to disqualify this Judge; that particular issue was litigated first and resolved by the Guam Supreme Court. Order Denying Writ of Prohibition



(June 12, 2023). Following the Guam Supreme Court's ruling, Third Party Defendant Douglas Moylan hired counsel related to the third degree to this Judge, resulting in her disqualification. Form One – Disqualification (Dec. 21, 2023). The matter was reassigned to the Honorable Arthur R. Barcinas, who ruled that Douglas' new counsel was disqualified from representing him. Dec. & Order (Oct. 16, 2024). The matter was reassigned back to this Judge, who, following the substitution of Jeffrey S. Moylan as Administrator of the Estate of Richard Moylan as Plaintiff, heard Richard's three pending motions on July 29, 2025, and took them under advisement.

## II.     UNDISPUTED FACTS

The Court incorporates the Undisputed Facts stated in its December 13, 2018 Decision and Order re Motion to Dismiss Counterclaims and Third Party Claims, May 6, 2022 Decision and Order Denying Plaintiffs' Motion for Partial Summary Judgment, and May 13, 2022 Decision and Order re Defendants' Motion for Summary Judgment.

## III.    MAY 11, 2022 MOTION FOR SUMMARY JUDGMENT & MOTION FOR RECONSIDERATION OR CLARIFICATION

Richard's May 11, 2022 Motion for Summary Judgment and May 11, 2022 Motion for Reconsideration both ask the Court to clarify whether the Lease Agreement requires ECD/PVP to obtain Richard's permission before using or occupying Lot No. 1051. The plain language of the Lease itself answers this question: "the permission of Richard E. Moylan is necessary before the said lot can be used by Lessees." Decl. Counsel, Ex. A (Aug. 2, 2017) ¶ 2 (hereinafter "Lease Agreement"). The Court's May 6, 2022 Decision and Order also made this clear: "Section 2 limited the Lessee's exercise of these rights in that they had to obtain Richard's consent before



making use of Lot No. 1051." Dec. & Order Denying Plfs.' Mot. Part. Summ. J. at 2. As this issue has been squarely addressed, the two motions were unnecessary.

## IV.    MAY 16, 2022 MOTION FOR RECONSIDERATION

### A.    The Proper Standard for Reconsideration

Richard asks this Court to reconsider its May 13 Decision and Order under the standards of Guam Rule of Civil Procedure 60(b). His citation is problematic for two reasons.

First, Richard fails to specify what provision of what Rule 60(b) warrants reconsideration here. Rule 60(b) details six separate bases for relief: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) the judgment has been satisfied; and (6) any other reason. It is not the Court's job to figure out which basis Richard asks the Court to apply.

Second, Rule 60 applies to post-judgment relief. GRCP 60(b) (relief from final judgments or orders); *Phillips v. Sheriff of Cook Cty.*, 828 F.3d 541, 559 (7th Cir. 2016) (Rule 60(b) does not apply to interlocutory orders). Richard cites a Montana case, *Koch v. Billings School Dist. No. 2*, 833 P.2d 181 (Mont. 1992), in support of his argument that Rule 60(b) applies to the reconsideration of summary judgment decisions. In *Koch*, the lower court granted summary judgment to a school district and school board for negligence claims asserted by a student injured in a physical education class. 833 P.2d at 181. The court based its decision on existing Montana laws governing immunity. *Id.* The student did not appeal those decisions, and therefore they were rendered to be final. *Id.* at 184. The laws on immunity, however, were amended later, leading the student to seek reconsideration since immunity no longer protected the school district and board. *Id.* The Montana Supreme Court found that this change in law presented "extraordinary circumstances" warranting reconsideration of the grant of summary



judgment, but noted that this "does not establish a general rule for reopening a final judgment merely because there has been a subsequent change in the law upon which that judgment was based." *Id.* at 186.

The only similarity between *Koch* and Guam law is the ruling that the use of Rule 60(b) is limited to extraordinary situations. *DFS Guam L.P. v. A.B. Won Pat Int'l Airport Auth.*, 2014 Guam 12 ¶ 21; *see also Moolenaar v. Gov't of V.I.*, 822 F.2d 1342, 1346 (3rd Cir. 1987) ("[t]he remedy provided by Rule 60(b) is 'extraordinary, and special circumstances must justify granting relief under it."). Otherwise, *Koch* has no parallel here. *Koch* involved a summary judgment ruling reduced to a final judgment; that has not happened in this case. *Koch* involved an injured student who was shut out of a remedy due to immunity laws, which were then repealed; in contrast, Richard's request for contract remedies lacks that same feeling of iniquity. Rather, he just asks the Court to consider his arguments for the second time. That is not an extraordinary situation.

Though not cited by Richard, CVR 7.1(i) is utilized for pre-judgment reconsideration motions. CVR 7.1 states that reconsideration may be granted if, among other reasons, there is a change in law occurring after the decision. As discussed in the next sections, the Court finds here that there has been a change in the law which amends the Court's prior analysis. Because CVR 7.1(i) appears directly applicable to the pre-judgment Decision and Order sought to be reconsidered here, the Court relies upon that rule in reviewing reconsideration.

**B.     *Goonewardene* is the proper test for determining third-party beneficiary status.**

In determining that Richard was not a third-party beneficiary of a Lease Agreement between his co-tenants and their lessees, the Court relied on the California Supreme Court case,


ORIGINAL

*Goonewardene,* 434 P.3d 124. The Court specifically found that Richard failed to demonstrate a genuine issue of material fact that the motivating purpose of the Lease Agreement was to benefit Richard, which is the second of three prongs of the test to establish one's status as a third-party beneficiary. Dec. & Order Re Defs.' Mot. Summ. J. at 4. The Court focused on what was the singular motivating purpose for the Lease Agreement:

> [T]he purpose of the Lease was for the Lessors to lease their interests in several parcels owned by members of the Moylan family to the Lessees. . . . The Lease then recites standard lease terms between the parties, such as the duration, the amount of rent, the rights of possession and quiet enjoyment, the responsibilities for maintenance, repairs and improvement, and the impact of a default. Among the sixteen pages of the Lease, Richard is mentioned only as it pertains to his interest in Lot No. 1051.

*Id.*

Richard argued at the motion hearing that *Goonewardene*—a case involving an employee suing a payroll services provider—is limited to employment situations. To the extent this is an argument that the Court should not consider *Goonewardene*, the Court disagrees. As a first point, subsequent caselaw confirms that *Goonewardene's* three-part test extended beyond employment situations. *See Wexler v. Cal. FAIR Plan Assn.*, 227 Cal. Rptr. 3d 398 (Ct. App. 2021) (applying test to an insurance policy); *Mahram v. The Kroger Co.*, 324 Cal. Rptr. 3d 575 (Ct. App. 2024) (applying test to an arbitration agreement).

Moreover, in *Goonewardene,* the California Supreme Court indicated they were generally addressing the doctrine of third-party beneficiaries, as well as California's statute on third-party beneficiaries, which mirrors Guam's to this day. *Goonewardene,* 434 P.3d at 131. That statute, originally enacted in California in 1872, provides, "A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." 18 GCA § 85204; Cal. Civ. Code § 1559. In reviewing the California counterpart on third-party



beneficiaries, the California Supreme Court recognized courts' struggles to "formulate useful, general principles to identify those circumstances in which a third party should be permitted to maintain an action for an alleged breach of a contract to which it is not a contracting party." *Id.*

In following *Goonewardene*, this Court utilized a sound standard generally applicable for contracts and for determining whether Richard attained third-party beneficiary status. *See also Lujan v. J.L.H. Trust,* 2016 Guam 24 ¶ 24 ("Where we have adopted California statutes, California case law interpreting those statutes stands as persuasive authority.").

**C.     The Court reconsiders "motivating purpose."**

In its initial review, the Court focused on the overall motivating purpose of the parties to the Lease Agreement and found that it was not made expressly for the benefit of Richard. However, the Court recognizes that further caselaw interpreting *Goonewardene* has shed light on how to examine the second prong relative to "motivating purpose."

Shortly after the Court issued its May 13, 2022 Decision and Order, the California Court of Appeal issued *City of Oakland v. Oakland Raiders*, 299 Cal. Rptr. 3d 463 (Ct. App. 2022). There, the City of Oakland sued the National Football League and its member clubs, claiming to be a third-party beneficiary of NFL policies related to relocation. *Id.* at 471. Although the City of Oakland ultimately did not prevail in proving itself to be a third-party beneficiary of those policies, the Court of Appeal clarified that *Goonewardene* did not limit the "motivating purpose" prong to one singular purpose. *Id.* at 474-75. Indeed, there can be multiple motivating purposes.

> [T]he League's adoption of the revised Relocation Policy . . . shows a 'motivating purpose' of the new Policy was to provide a benefit to cities that host member clubs. There may have been other motivations . . ., such as avoiding antitrust liability and protecting the League's business interests, but *those motivations do not exclude the possibility of additional motivating purposes.*



*Id.* at 475 (emphasis added).

Three years after this Court first applied *Goonewardene*, it now has the benefit of an improved understanding how that case applies here and finds that there has been a material change in the law warranting reconsideration under CVR 7.1. The Court's May 13, 2022 Decision and Order Re Defendants' Motion for Summary Judgment focused on the overriding motivating purpose behind the Lease and determined that protecting Richard was not the principal purpose. However, the Court finds that since there can be multiple motivating purposes, there are issues of fact whether one motivating purpose was to afford Richard some protection as a co-tenant by requiring that his permission be obtained "before the said lots can be used by Lessees." Lease Agreement ¶ 2. For example, Richard points out that the negotiated rent could have been higher but for the issue of Richard's permission, or that the Moylan family went out of its way to ensure Richard gained a benefit from the Lease. These protections for Richard are not unnoticed by this Court in its original analysis and introduce questions of fact.

Since the Court now determines that there are issues of fact as to the second prong, it turns to the third prong, which the Court did not address in its May 13, 2022 Decision and Order. That prong examines whether permitting the third party to bring its own breach of contract action against a contracting party is "consistent with the objectives of the contract and the reasonable expectations of the contracting parties." *Goonewardene*, 434 P.3d at 133. "[T]his element calls for a judgment regarding the potential effect that permitting third party enforcement would have on the parties' contracting goals, rather than a determination whether the parties actually anticipated third party enforcement at the time the contract was entered into." *Id.* The Court finds it plausible that permitting third-party enforcement was consistent with the parties' contracting goals. As the Estate characterizes it, the Lease Agreement allows the Lessors to



"wash their hands" of having to involve Richard: "it is understood that the permission of Richard E. Moylan is necessary before the said lot can be used by Lessees. It shall be the sole responsibility of Lessees to obtain permission from Richard E. Moylan to occupy Lot No. 1051." Lease Agreement ¶ 2. By this plain language, the Court derives that the only person who would enforce the requirement of Richard's consent would be Richard.

The Court recognizes that this point is not fully developed in the course of summary judgment briefing or reconsideration. The Court finds that it ultimately remains an issue of fact whether Richard holds third-party beneficiary status, and that the trier of fact must determine whether all three *Goonewardene* prongs are met.

## V.    <u>CONCLUSION AND ORDER</u>

The Court GRANTS Richard's May 16, 2022 Motion for Reconsideration,[1] and will allow the breach of contract claim to proceed to trial. The remaining motions are determined to have already been addressed in other rulings.

**SO ORDERED** this 29 September 2025.

HON. ELYZE M. IRIARTE
**Judge, Superior Court of Guam**

Appearing Attorneys:
William Benjamin Pole, Esq., Law Offices of William B. Pole, P.C., for Plaintiff Jeffrey S.
    Moylan as Administrator of the Estate of Richard E. Moylan
Mitchell F. Thompson, Esq., Thompson Thompson & Alcantara, P.C., for Defendant E.C.
    Development, LLP and Paseo View Properties, Inc.
Jeffrey A. Cook, Esq., Law Offices of Cunliffe & Cook, for Defendant Axe Murderer Tours
    Guam / Beach House
Douglas B. Moylan, Esq., self-represented

---

[1] The Motion to Certify Judgment is moot.

